UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ALLEN LEJEUNE                          CIVIL ACTION NO. 6:21-cv-01319

VERSUS                                 JUDGE SUMMERHAYS

HALLIBURTON ENERGY SERVICES,           MAGISTRATE JUDGE HANNA
INC., ET AL.

## REPORT AND RECOMMENDATION

Pending before this Court is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendant, Halliburton Energy Services, Inc. (Rec. Doc. 28). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be DENIED without prejudice to Halliburton's right to reurge the motion following the plaintiff's amendment of his complaint.

## Background

The plaintiff, Allen Lejeune, claims that he was injured on or about January 16, 2021, while employed by Halliburton Energy Services, Inc. and working onboard the STIM STAR IV, a vessel owned and operated by Galliano Marine Service. Mr. Lejeune alleged that he injured his back when he was required to move

a heavy electric motor in the vessel's engine room without having been provided with the proper equipment to perform that task safely.  He alleged that Galliano and Halliburton were negligent in causing his injuries; he asserted General Maritime Law and Jones Act claims; and, alternatively, he asserted a claim under the Longshore and Harbor Workers' Compensation Act ("LHWCA").

Halliburton responded to the second amended complaint by filing the instant motion to dismiss.

## **Law and Analysis**

### **A.    The Standard for Analyzing a Rule 12(b)(6) Motion**

A motion to dismiss, brought under Fed. R. Civ. P. 12(b)(6), tests whether the complaint states a legally cognizable claim.[1]  Such motions are viewed with disfavor and are rarely granted.[2]  When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto,[3] accept all well-pleaded facts as true, and view the facts in a light most favorable to the

---

[1]    *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]    *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

[3]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

plaintiff.[4]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]  To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[7]

## B.    Mr. Lejeune's Request for Leave to Amend

In response to Halliburton's motion to dismiss, Mr. Lejeune requested an opportunity to amend his complaint in order to support his claims with more factual allegations.  Fed. R. Civ. P. 15 states that a court should freely give leave to amend a complaint when justice so requires.  Therefore, a court generally should not dismiss an action for failure to state a claim without giving the plaintiff at least one chance to amend its complaint.[8]  "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling

---

[4]      *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5]      *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6]      *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[7]      *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[8]      *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies.").

or unable to amend in a manner which will avoid dismissal."[9]  The decision to allow

amendment of a party's pleadings is within the sound discretion of the district court.[10]

## C.    **The Current Dispute**

With its motion to dismiss, Halliburton is seeking dismissal of the claim for

General Maritime Law negligence that Mr. Lejeune asserted against it as well as his

claims for the recovery of penalties, attorneys' fees, costs, and punitive damages

related to Mr. Lejeune's claim that Halliburton allegedly failed to properly pay cure,

based on his alleged status as a Jones Act seaman.  Halliburton's primary argument

is that only "generic allegations" were set forth in Mr. Lejeune's complaints.

In this case, Mr. Lejeune asserted a claim for General Maritime Law

negligence against Halliburton and he also alleged that he was a Jones Act seaman

while employed by Halliburton.  He alternatively alleged that, if he was ultimately

determined not to be a Jones Act seaman, he was entitled to recover from Halliburton

under the LHWCA.  Pleading alternative legal theories is permissible under Fed. R.

Civ. P. 8(a).  However, a plaintiff should support his claims with enough factual

allegations to make his claims plausible.

---

[9]      *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d at 329.

[10]     See, e.g., *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 302 (5th Cir. 2022); *Heinze v. Tesco Corporation*, 971 F.3d 475, 485 (5th Cir. 2020); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

Halliburton argued that Mr. Lejeune's General Maritime Law negligence claim against it should be dismissed because he supported that claim only with "generic allegations." This Court interprets Halliburton's argument as a suggestion that Mr. Lejeune failed to allege enough factual detail to support a conclusion that his General Maritime Law negligence claim against Halliburton is a plausible claim. In his opposition memorandum, Mr. Lejeune requested leave of court to amend his complaint to articulate additional factual detail. This Court will recommend that Mr. Lejeune be allowed to do so. After the complaint has been amended, Halliburton will have another opportunity to file a motion to dismiss if it continues to believe that Mr. Lejeune has not stated a plausible General Maritime Law negligence claim against it.

Halliburton similarly argued that Mr. Lejeune's claim that Halliburton has not properly satisfied its obligation to pay cure was not supported with sufficient factual detail. Again, Mr. Lejeune requested leave to amend his complaint and, once again, this Court will recommend that his request be granted.

Although Mr. Lejeune has already amended his complaint twice, it is the allegations of the second amended complaint to which Halliburton most strongly objects. This Court therefore finds that it would be inequitable to deny Mr. Lejeune's request to clarify the claims asserted in his second amended complaint. This Court cautions, however, that a great deal of detail regarding diagnoses,

recommended diagnostic testing, and surgical recommendations was included in the parties' briefing, leading this Court to conclude that a motion for summary judgment might be the better vehicle for resolving Halliburton's argument regarding its alleged cure obligation. Similarly, if Halliburton is disputing whether Mr. Lejeune actually was a Jones Act seaman or whether a valid General Maritime Law negligence claim can be asserted depending on Mr. Lejeune's seaman status – or lack thereof – a motion for summary judgment might be the better vehicle to pursue.

## Conclusion

For the reasons stated above, it is recommended (1) that Mr. Lejeune should be granted leave of court to file an amended complaint providing more factual detail underlying his General Maritime Law negligence claim against Halliburton; (2) that Mr. Lejeune should be granted leave of court to file an amended complaint providing more factual detail underlying his claim that Halliburton refused to reimburse him for necessary medical expenses or authorize necessary medical treatment and therefore failed to properly pay cure benefits; and (3) that Halliburton's motion to dismiss (Rec. Doc. 28) should be denied without prejudice to its right to reurge the motion following a review of the amended complaint.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[11]

Signed at Lafayette, Louisiana, this 25th day of April 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[11]    See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

7